Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| International Union of Operating Engineers Local 825 Employee Benefit Funds and the Trustees Thereof,<br><br>    Petitioners,<br><br>v.<br><br>Footings Walls & Slabs,<br><br>    Respondent. | Civil Action No. 10-517 (SRC)(MAS)<br><br>**OPINION & ORDER** |

**MICHAEL A. SHIPP, United States Magistrate Judge**

  This matter comes before the Court by way of Petitioners' International Union of Operating Engineers Local 825 Employee Benefit Funds and the Trustees Thereof ("Petitioners" or "Funds") unopposed motion for an order to compel compliance with an information subpoena ("Subpoena") served in relation to the judgment entered in favor of Petitioners. (Docket Entry Number ("Doc. No.") 5 ("Moving Br.").) Funds commenced this action by filing a petition to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9 and 13. (Doc. No. 1.) On March 2, 2010, this Court entered an Order (Doc. No. 3) and Judgment (Doc. No. 4) confirming two arbitration awards issued by the Honorable John W. Bissell and ordering Respondent Footings Walls & Slabs ("Respondent") to make payments to the Funds for a total amount of $7,484.80. (Doc. No. 3.)

  Petitioners subsequently served the Subpoena upon Respondent on March 5, 2010. (Cert. of Matthew P. Rocco ("Rocco Cert.") ¶¶ 3-5.) According to Petitioners, Respondent has failed

to comply with the Subpoena. (*Id.* at ¶ 6.) Moreover, Respondent has failed to oppose or otherwise respond to Petitioners' motion.

Pursuant to Federal Rule of Civil Procedure 45, Petitioners are permitted to serve a Subpoena in order to obtain information relevant to the Order and Judgment previously entered by this Court. Upon receipt of a properly served subpoena, the recipient of the subpoena has a duty to respond in accordance with Rule 45(d)(1) or must otherwise claim a privilege or protection under Rule 45(d)(2) or have a basis for moving to quash or modify the subpoena pursuant to Rule 45(c)(3). Respondent failed to take any of the aforementioned actions and did not oppose Petitioners' motion. As judgment has been entered in favor of Petitioners and the Subpoena was properly served upon Respondent, this Court finds good cause grant Petitioners' motion.

Finally, regarding Petitioners' request for attorneys' fees in connection with filing this motion, despite requests from this Court, Petitioners' counsel failed to submit a certification setting forth the attorneys' fees and costs associated with the motion. (*See* Doc. Nos. 6 and 8.) Instead, Petitioners' counsel submitted a short certification requesting reimbursement for the filing fee of Petitioners' motion - $350.00. (Doc. No. 9.) Regardless, pursuant to Federal Rule of Civil Procedure 37(5)(A), as this Court is granting Petitioners' motion and requiring Respondent to comply with the Subpoena and produce all responsive documents, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Accordingly, the Court will reserve judgment until Respondent has an opportunity to respond to the Subpoena and this Court's Opinion and Order.

Accordingly, based on the foregoing and for good cause shown,

**IT IS** on this **24th** day of **September**, 2010,

**ORDERED THAT**:

1. Petitioners' motion to compel compliance with the information subpoena served upon the Respondent Footings Walls & Slabs in relation to the judgment entered in favor of Petitioners is granted.

2. Respondent Footings Walls & Slabs shall fully comply with and respond to the information subpoena by **October 8, 2010**. Failure to comply with the information subpoena and this Court's Order shall result in this Court holding Respondent in contempt and an issuance of appropriate sanctions.

3. Respondent Footings Walls & Slabs may also provide a letter brief to this Court by **October 8, 2010**, setting forth its position as to why an award of sanctions, in the form of costs and fees, including attorney's fees, associated with Petitioners having to file this motion, should not be entered. Failure to provide a position regarding the aforementioned issue shall result in this Court's imposition of such an award.

4. Petitioners may also submit an updated certification regarding the attorney's fees associated with the filing of this motion, in addition to the $350.00 filing fee requested, by **October 8, 2010**. Failure to provide an updated certification, will result in this Court considering the $350.00 amount as the total amount of costs and fees associated with the motion.

_/s/ Michael A. Shipp_
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**